1   COOLEY LLP
    MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
2   WHITTY SOMVICHIAN (194463) (wsomvichian@cooley.com)
    KYLE C. WONG (224021) (kwong@cooley.com)
3   KAREN L. BURHANS (303290) (kburhans@cooley.com)
    AMY M. SMITH (287813) (amsmith@cooley.com)
4   101 California Street, 5th Floor
    San Francisco, CA  94111-5800
5   Telephone:    (415) 693-2000
    Facsimile:    (415) 693-2222
6
    Attorneys for Defendant
7   GOOGLE INC.

8                   UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                       SAN JOSE DIVISION

11

12
    KEITH AMARAL, et al.,                    Case No.  5:16-cv-2553-LHK (HRL)
13
                    Plaintiffs,              **DEFENDANT GOOGLE INC.'S MOTION TO
14                                           DISMISS PLAINTIFFS' COMPLAINT;
           v.                                MEMORANDUM OF POINTS AND
15                                           AUTHORITIES IN SUPPORT THEREOF**
    GOOGLE INC., a Delaware corporation, and
16  DOES 1-200,000, inclusive,               **F.R.C.P. 8, 10, 12(B)(1), 12(B)(6), 12(E)**

17                  Defendants.              Date:      October 27, 2016
                                             Time:      1:30 p.m.
18                                           Judge:     Hon. Lucy H. Koh
                                             Courtroom: 8 – 4th Floor
19                                                      280 S. First Street
                                                        San Jose, CA 95113
20                                           Trial Date: Not yet set

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE INC.'S MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS & AUTHORITIES
CASE NO. 5:16-CV-2553-LHK (HRL)

**Table of Contents**

Page

NOTICE OF MOTION AND MOTION TO DISMISS ...................................................... 1

STATEMENT OF ISSUES TO BE DECIDED ............................................................ 1

MEMORANDUM OF POINTS & AUTHORITIES........................................................ 1

I.    INTRODUCTION ................................................................... 1

II.   STATEMENT OF FACTS. ......................................................... 4

      A.    GAFE and Gmail. ........................................................ 4

      B.    Plaintiffs' Complaint......................................................... 4

      C.    Procedural History. ......................................................... 5

III.  APPLICABLE STANDARDS. .................................................. 7

IV.   ARGUMENT. ................................................................... 8

      A.    Plaintiffs Have No Standing To Bring ECPA Claims Because They Fail To
            Allege A Concrete And Particularized Injury-In-Fact................................. 8

            1.    The alleged "loss of value" of Plaintiffs' information is neither
                  particularized nor concrete........................................... 9

            2.    The alleged loss of the "value" of Plaintiffs' "privacy" also fails to
                  support any cognizable injury....................................... 11

      B.    Plaintiffs Have No Standing To Seek Injunctive And Declaratory Relief
            Because Plaintiffs' Claims Address A "Relevant Period" Ending On April 30,
            2014..................................................................... 15

      C.    Seventy  Plaintiffs' Claims Are Barred By The Statute Of Limitations.................... 17

      D.    The Complaint Should Be Dismissed In Its Entirety For Failure To Plead
            Individualized Facts For Each Plaintiff's Separate Claim. ........................ 19

V.    CONCLUSION.................................................................. 22

Cooley LLP
Attorneys At Law
San Francisco

i.

**Google Inc.'s Motion to Dismiss Complaint;
Memorandum of Points & Authorities
Case No. 5:16-cv-2553-LHK (HRL)**

PAGE(S)

**Cases**

*Anderson v. District Bd. of Trustees*,
   77 F.3d 364 (11th Cir. 1996).................................................................. 20, 21

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................. 7

*Baker v. United States*,
   722 F.2d 517 (9th Cir. 1983) .................................................................. 15

*Bautista v. L.A. Cnty.*,
   216 F.3d 837 (9th Cir. 2000)............................................................. *passim*

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .......................................................................... 7, 16

*Bennett v. Cnty. of Shasta*,
   No. 2:15-cv-1764-MCE-KJN, 2016 U.S. Dist. LEXIS 32722 (E.D. Cal. Mar.
   14, 2016) ............................................................................................... 20

*Bruton v. Gerber Prods. Co.*,
   961 F. Supp. 2d 1062 (N.D. Cal. 2013) .................................................... 7

*Burton v. Time Warner Cable Inc.*,
   No. CV 12-06764 JGB, 2013 U.S. Dist. LEXIS 94310 (C.D. Cal. Mar. 20,
   2013) ..................................................................................................... 14

*Caviness v. Horizon Cmty. Learning Ctr., Inc.*,
   590 F.3d 806 (9th Cir. 2010)................................................................... 7

*City of L.A. v. Lyons*,
   461 U.S. 95 (1983) ...................................................................... 3, 15, 17

*Corley et al. v. Google Inc. et al.*,
   Case No. 16-cv-00473-LHK (N.D. Cal.) Dkt. 19 .................................. 5, 6

*Crown, Cork & Seal Co. v. Parker*,
   462 U.S. 345 (1983)............................................................................... 18

*Cuviello v. City & Cty. of S.F.*,
   940 F. Supp. 2d 1071 (N.D. Cal. 2013) .................................................. 17

*Destfino v. Kennedy*,
   No. CV-F-08-1269 LJO DLB, 2009 U.S. Dist. LEXIS 18138 (E.D. Cal. Jan. 8,
   2009) ........................................................................................... 8, 19, 20

*Erone Corp. v. Skouras Theatres Corp.*,
   19 F.R.D. 299 (S.D.N.Y. 1956) .............................................................. 21

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

*In re Facebook Internet Tracking Litig.*,
   140 F. Supp. 3d 922 (N.D. Cal. 2015) ................................................ 9, 10, 11, 14

*Fikes v. City of Daphne*,
   79 F.3d 1079 (11th Cir. 1996) .......................................................................... 20

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*,
   528 U.S. 167 (2000) .......................................................................................... 7

*Garcia v. Google*,
   786 F.3d 733 (9th Cir. 2015) .......................................................................... 17

*Gest v. Bradbury*,
   443 F.3d 1177 (9th Cir. 2006) ..................................................................... 3, 15

*In re Google Android Consumer Privacy Litig.*,
   No. 11-MD-02264 JSW, 2013 WL 1283236 (N.D. Cal. Mar. 26, 2013) ............. 10

*In re Google Inc. Privacy Policy Litig.*,
   No. C-12-01382-PSG, 2013 WL 6248499 (N.D. Cal. Dec. 3, 2013) ...................... 9

*In re Google Inc. Privacy Policy Litig.*,
   No. C-12-01382-PSG, 2012 U.S. Dist. LEXIS 183041 (N.D. Cal. Dec. 28,
   2012) ................................................................................................................ 14

*Gubala v. Time Warner Cable, Inc.*,
   No. 15-cv-1078-pp, 2016 U.S. Dist. LEXIS 79820 (E.D. Wis. June 17, 2016) ..................... 12

*Immigrant Assistance Project of L.A. Cty. Fed'n of Labor (AFL-CIO) v. I.N.S.*,
   306 F.3d 842 (9th Cir. 2002) .......................................................................... 18

*In re iPhone Application Litig.*,
   No. 11-MD-02250-LHK, 2011 WL 4403963 (N.D. Cal. Sept. 20. 2011) ........................ 10, 15

*In re iPhone Application Litig.*,
   844 F. Supp. 2d 1040 (N.D. Cal. 2012) ........................................................... 10

*In re JetBlue Airways Corp. Privacy Litig.*,
   379 F. Supp. 2d 299 (E.D.N.Y. 2005) ............................................................. 15

*Kreek v. Wells Fargo & Co.*,
   652 F. Supp. 2d 1053 (N.D. Cal. 2009) ........................................................... 17

*LaCourt v. Specific Media, Inc.*,
   No. SACV 10-1256-GW, 2011 U.S. Dist. LEXIS 50543 (C.D. Cal. Apr. 28,
   2011) ................................................................................................................ 15

*Low v. LinkedIn*,
   No. 11-CV-01468-LHK, 2011 WL 5509848 (N.D. Cal. Nov. 11, 2011) ........................ 2, 9, 10

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iii.

**GOOGLE INC.'S MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS & AUTHORITIES
CASE NO. 5:16-CV-00473-LHK**

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992) ............................................................................................. 7

*McHenry v. Renne*,
84 F. 3d 1172 (9th Cir. 1996) ............................................................................. 7

*Murray v. Time Inc.*,
No. C 12-00431 JSW, 2012 WL 3634387 (N.D. Cal. Aug. 24, 2012) ................... 15

*Pirozzi v. Apple, Inc.*,
913 F. Supp. 2d 840 (N.D. Cal. 2012) ............................................................... 14

*The Presbyterian Church (U.S.A.) v. United States*,
870 F.2d 518 (9th Cir. 1989) .............................................................................. 15

*Solis v. W. Valley Det. Ctr.*,
No. EDCV 15-1005-PSG (JEM), 2015 U.S. Dist. LEXIS 15771 (C.D. Cal.
Aug. 31, 2015) ...................................................................................................... 21

*Spokeo, Inc. v. Robins*,
136 S. Ct. 1540 (2016) ................................................................................. *passim*

*Stanislaus Food Prods. Co. v. USS-POSCO Indus.*,
782 F. Supp. 2d 1059 (E.D. Cal. 2011) ................................................................ 7

*Sternberg v. Town of Danville*,
No. 15-CV-01878-SI, 2015 WL 9024340 (N.D. Cal. Dec. 16, 2015) ............. 16, 17

*In re Trilegiant Corp., Inc.*,
11 F. Supp. 3d 82, 111 (D. Conn. 2014) ............................................................. 18

*Vermont Agency of Nat. Resources v. U.S. ex. rel. Stevens*,
529 U.S. 765 (2000) ............................................................................................ 11

*Von Saher v. Norton Simon Museum of Art at Pasadena*,
592 F.3d 954 (9th Cir. 2010) ............................................................................... 7

*In re Wells Fargo Mortg.-Backed Certificates Litig.*,
No. 09-CV-01376-LHK, 2010 WL 4117477 (N.D. Cal. Oct. 19, 2010) ............. 17

*Whitsitt v. Indus. Emplr. Ass'n*,
No. 13-00396 SBA, 2014 U.S. Dist. LEXIS 100063, at *26 (N.D. Cal. July 22,
2014) ..................................................................................................................... 20

*In re Yahoo Mail Litig.*
7 F. Supp. 3d 1016 (2014) ............................................................. 2, 11, 12, 13

**Statutes**

Electronic Communications Privacy Act, 18 U.S.C. §§ 2510, *et seq.* ................... *passim*

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iv.

GOOGLE INC.'S MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS & AUTHORITIES
CASE NO. 5:16-CV-00473-LHK

**Other Authorities**

2-12 Moore's Federal Practice – Civil § 12.36 ............................................................................... 20

FED. R. CIV. P.
    8 ............................................................................................................................... *passim*
    10 ............................................................................................................................. *passim*
    12 ............................................................................................................................. *passim*
    41 ................................................................................................................................ 5, 6

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

v.

**GOOGLE INC.'S MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS & AUTHORITIES
CASE NO. 5:16-CV-00473-LHK**

## NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE that on October 27, 2016, at 1:30 p.m., defendant Google Inc. ("Google") will and hereby does move to dismiss Plaintiffs' Complaint (Docket No. ("Dkt.") 3-1) (the "Complaint"). Google's Motion to Dismiss is made pursuant to Rules 8, 10, 12(b)(1), 12(b)(6) and 12(e) of the Federal Rules of Civil Procedure, and is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities and other pleadings in support of the Motion, and all pleadings on file in this matter, and upon such other matters as may be presented to the Court at the time of the hearing or otherwise.

## STATEMENT OF ISSUES TO BE DECIDED

1.   Whether Plaintiffs have Article III standing to pursue their claims under the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. §§ 2510, *et seq.*, where Plaintiffs have failed to allege a concrete and particularized injury-in-fact.

2.   Whether Plaintiffs have Article III standing to pursue their claims under ECPA for injunctive relief, where Plaintiffs have failed to plead that there is an imminent and ongoing risk of further ECPA violations.

3.   Whether 70 individual Plaintiffs brought their claims within ECPA's two-year statute of limitations, where these Plaintiffs allege that the last date when they used their Google Apps for Education ("GAFE") accounts was more than two years before the filing of the Complaint.

4.   Whether Plaintiffs satisfied the pleading requirements of Federal Rules of Civil Procedure 8, 10, and 12(e) for their individual claims where they lump together 174 individuals' claims into a single cause of action that incorporates 58 paragraphs and 52 pages of generalized allegations by reference for all Plaintiffs, without clarifying what allegations have any relevance or application to each individual Plaintiff.

## MEMORANDUM OF POINTS & AUTHORITIES

### I.   INTRODUCTION

This is one of two cases purporting to state claims on behalf of hundreds of individual Plaintiffs arising out of the automated processing of emails in Google's GAFE service that the Court previously considered over two years ago in *In re Google Inc. Gmail Litig.*, No. 13-MD-02430-LHK

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE INC.'S MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS & AUTHORITIES
CASE NO. 5:16-CV-2553-LHK (HRL)

(N.D. Cal.) ("*Gmail MDL*").  Since that time, the Supreme Court in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016) ("*Spokeo*") eliminated the only viable basis that Plaintiffs had for Article III standing and the Complaint should accordingly be dismissed.  *Spokeo* conclusively holds that "Article III standing requires a concrete injury *even in the context of a statutory violation*."  *Id*. at 1543 (italics added).  Plaintiffs therefore may not rely solely on the purported statutory violation as the basis for Article III standing.  The critical question for standing purposes is, instead, whether the alleged wrongful conduct—the automated processing of emails with no independent resulting harm—implicates "a legally protected interest that is concrete and particularized" *independently* of the alleged statutory violations.  *Id*. (internal quotation marks omitted).  Plaintiffs claim they suffered two purported injuries, neither of which is sufficient under *Spokeo*.

First, Plaintiffs allege in vague terms that their information has economic value, but this Court and numerous others have already found that such allegations are "too abstract and hypothetical to support Article III standing."  *Low v. LinkedIn*, No. 11-CV-01468-LHK, 2011 WL 5509848, at *4 (N.D. Cal. Nov. 11, 2011).  Indeed, Plaintiffs' allegations of purported economic injury are nearly identical to those in *Low* and other cases where plaintiffs' claims were dismissed for failure to allege Article III standing.

Second, merely alleging a violation of a plaintiff's privacy is not a "concrete and particularized" injury under *Spokeo*.  This Court addressed an equivalent issue in *In re Yahoo Mail Litigation*, in the specific context of claims involving the automated processing of emails by an ECS provider.[1]  7 F. Supp. 3d 1016 (2014).  After surveying California and federal law, the Court found that "the mere fact" of Yahoo's automated processing of email to serve targeted ads did not implicate a "legally protected privacy interest," where the plaintiff failed to plead "*with specificity*" the contents of the emails at issue.  *Id*. at 1040 (italics in original).  That ruling fully applies here.  Google protects the privacy of emails in numerous ways[2], and Plaintiffs cannot show that Google

---

[1]  "ECS" refers to an electronic communications service, defined in the ECPA as "any service which provides to users thereof the ability to send or receive wire or electronic communications."  18 U.S.C. § 2510(15).

[2]  Google's Terms of Service and Privacy Policy specify how Google protects the privacy of user information, including emails.  Further, Google applies numerous technological measures to

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE INC.'S MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS & AUTHORITIES
CASE NO. 5:16-CV-2553-LHK (HRL)

violated any "legally protected privacy interest" simply because automated processing is applied in GAFE to enable various features and benefits for GAFE users. This precludes any finding of Article III standing, which likewise depends on adequate allegations of a "legally protected interest," as confirmed in *Spokeo*. 136 S. Ct. at 1548. The Complaint should accordingly be dismissed with prejudice for lack of standing.

Plaintiffs lack standing to pursue their claims for injunctive and declaratory relief for the additional reason that they cannot show any risk of *ongoing* ECPA violations. *See Gest v. Bradbury*, 443 F.3d 1177, 1181 (9th Cir. 2006) (plaintiffs seeking declaratory and injunctive relief "must demonstrate that they are realistically threatened by a repetition of the violation" at issue and past violations are insufficient) (quotation marks omitted). Plaintiffs' claims involve a self-defined "Relevant Period" ending in April 2014, with no specific allegations of ongoing violations after that date. (Compl. ¶ 13.) Under those circumstances, their speculative assertion that Google may violate ECPA at some undetermined point in the future is precisely the type of "conjectural" and "hypothetical" threat that is insufficient for Article III standing. *See City of L.A. v. Lyons*, 461 U.S. 95, 101-02 (1983).

Even setting aside the threshold standing issues, nearly half of the 174 Plaintiffs could not state a claim as a matter of law because their claims are barred by the two-year statute of limitations under ECPA. A plaintiff need not have actual knowledge of a claim; a "reasonable opportunity to discover the violation" is sufficient to start the clock running. 18 U.S.C. § 2520(e). Notably, Plaintiffs concede the *Gmail MDL* plaintiffs stated nearly identical claims for alleged ECPA violations resulting from Google's scanning of GAFE accounts. Plaintiffs cannot tenably claim they lacked a "reasonable opportunity" to discover the ECPA claims alleged in their Complaint when other individuals made the same allegations, and commenced a lawsuit over those issues, over three years ago. Because Plaintiffs had a "reasonable opportunity" to discover the alleged violations at the time they occurred, they can only pursue claims for alleged interceptions occurring within two years

safeguard privacy and ensure security. For example, Google's systems ensure that messages exchanged between Gmail users are encrypted via TLS, and notify Gmail users if messages from non-Gmail users are from unencrypted or unauthenticated sources.

of the Complaint's filing on April 29, 2016—that is, for alleged interceptions on or *after* April 29, 2014. Seventy Plaintiffs, however, allege that they ceased using their GAFE account *before* April 2014, and thus their claims are time-barred.

Finally, Plaintiffs' omnibus Complaint lumping together the claims of 174 individual Plaintiffs is improper and violates Rules 8, 10, and 12(e) of the Federal Rules of Civil Procedure. The Complaint should therefore be dismissed in its entirety for the alternative reason that it effectively prevents Google from reasonably responding to the 174 individual claims asserted in the Complaint.

## II.    STATEMENT OF FACTS.

### A.    GAFE and Gmail.

As this Court is aware, GAFE is a suite of Google products that includes Gmail, Google's web-based email service. (Compl. ¶ 10.) Through GAFE, Google partners with colleges, universities, and other educational institutions to provide email services for their students, faculty, and staff, using the Gmail infrastructure. (*Id.*) Like most email providers, Google applies automated systems to process emails for various purposes, including filtering out spam, detecting computer viruses, and providing features that allow users to search and sort their emails, among other functions. Plaintiffs concede that their individual GAFE email accounts were with institutions that did *not* enable ads and, therefore, Plaintiffs were not shown ads in their GAFE email account.[3] (*See Id.* ¶ 26.)

### B.    Plaintiffs' Complaint.

Plaintiffs are 174 individuals who allege that they used GAFE Gmail to send and receive emails for particular periods of time between November 1, 2010 and April 30, 2014. Plaintiffs claim that Google violated ECPA, 18 U.S.C. §§ 2511(1)(a) and (1)(d), by unlawfully "intercepting" their email communications without consent. (Compl. ¶¶ 2, 56-57.) Plaintiffs' Complaint includes a single sentence for each of the 174 Plaintiffs, alleging only the individual Plaintiff's state of

---

[3]  In regular Gmail, by contrast, Google's automated processes are also sometimes used to display ads that are targeted to the content of emails, so that the ads shown will be more relevant and useful to Gmail users. The revenue from these advertisements in turn helps Google to provide the Gmail service for free.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4.

GOOGLE INC.'S MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS & AUTHORITIES
CASE NO. 5:16-CV-2553-LHK (HRL)

residence, the institution that provided the Plaintiff with his or her GAFE Gmail account, and the time period during which that individual used the GAFE Gmail account. (*See Corley et al. v. Google Inc. et al.*, Case No. 16-cv-00473-LHK (N.D. Cal.) ("*Corley*") Dkt. 19, FAC ¶ 17.) All other allegations are pled on a common basis and the Complaint asserts a single claim for an ECPA violation on behalf of all Plaintiffs. Plaintiffs seek statutory damages under ECPA, a declaration that Google violated ECPA, attorneys' fees and costs, and injunctive relief in the form of an order requiring Google to "purge from its . . . records, all information gathered from Plaintiffs' messages . . . ." (Compl. ¶ 2.)

Plaintiffs' allegations are nearly identical to those pled in *Fread et al. v. Google Inc.*, No. 13-cv-1961 (N.D. Cal.) ("*Fread*"), a putative class action filed on behalf of GAFE users on April 29, 2013, which was ultimately consolidated with *Gmail MDL*. (*See Gmail MDL* Dkt. 73.) On March 18, 2014, this Court denied class certification in *Gmail MDL*, holding, *inter alia*, that individualized issues of whether GAFE users consented to Google's scanning predominated over common issues. *Gmail MDL*, No. 13-MD-02430-LHK, 2014 WL 1102660, at *21 (N.D. Cal. Mar. 18, 2014).

## C. Procedural History.

On January 27, 2016, Plaintiffs' counsel filed a nearly identical action alleging individual claims for violations of ECPA based on Google's alleged automated processing in connection with GAFE email accounts on behalf of four plaintiffs. (*Corley* Dkt. 1.) On March 16, 2016, the *Corley* plaintiffs amended their complaint, purporting to add individual claims for 707 additional plaintiffs. (*Corley* Dkt. 19.) Due to the similarity of their allegations, *Corley* was related to the *Gmail MDL*. (*Corley* Dkt. 14.)

On April 20, 2016, this Court held a first case management conference ("CMC") in *Corley*. During the CMC, the Court asked Plaintiffs' counsel to explain why the purported joinder of over 700 individual plaintiffs' claims in one action was proper.[4] The Court was particularly concerned

---

[4] Plaintiffs Teddey Xiao, Acshi Haggenmiller, Rebecca Hassinger, Patrick Rooney, and Myles Scolnick filed notices of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a), dismissing all of their claims, without prejudice, on February 8, May 23, June 15, June 27, and July 1, 2016, respectively. There are, therefore, currently 706 plaintiffs in *Corley*.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5.

GOOGLE INC.'S MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS & AUTHORITIES
CASE NO. 5:16-CV-2553-LHK (HRL)

that plaintiffs were seeking to circumvent her denial of class certification in the *Gmail MDL* case and to avoid paying the filing fees that every other plaintiff must pay when bringing suit. (Declaration of Kyle C. Wong in Support of Google's Motion to Dismiss ("Wong Decl.") Ex. A at 4:8-9; 46:14-25.) Further, the Court noted that the action would be difficult to manage, particularly because the *Corley* complaint failed to provide a clear roadmap of the plaintiffs' allegations. (*See id.* at 34:7-14 (The Court: "With you[r complaint], I have no idea. If you told me, look at Plaintiff number 552, I have no idea who that is. I have no factual allegations as to that Plaintiff.").) The Court also voiced strong concerns about Plaintiffs' counsel's plan to add well over a hundred more plaintiffs. (*Id.* at 46:8-21.) Accordingly, the Court directed the parties to submit briefing regarding the propriety of joinder. (*Id.* at 47:7-9.)

On April 28, 2016, the Court held a second CMC to consider how to proceed in light of the parties' briefing regarding joinder. (*Corley* Dkt. 78.) During this CMC, the Court declined to rule on the joinder issue but invited Google to bring a motion regarding the propriety of permissive joinder of the 706 *Corley* plaintiffs. (Wong Decl. Ex. B at 2:19-3:5.) The Court also barred Plaintiffs' counsel from amending the *Corley* complaint to add more individual plaintiffs and directed counsel to file an individual suit and pay the necessary filing fee for any new plaintiffs. (*Id.*) Plaintiffs' counsel informed the Court he was not prepared to file individual lawsuits for the proposed additional plaintiffs, and would instead file a single mass action in state court. (*Id.* at 4:7-14.)

Plaintiffs' counsel then filed suit on April 29, 2016 in Santa Clara County Superior Court on behalf of Plaintiff Keith Amaral and 174 others.[5] *Keith Amaral, et al. v. Google Inc., et al.*, Case No. 16-CV-294544 (Sup. Ct. April 29, 2016). Google removed the case to federal court. (Dkt. 1.) The case was then related to the *Gmail MDL* (and, accordingly, *Corley*) for further proceedings before this Court. (Dkt. 15.) On June 1, Google filed a Motion to Sever and Dismiss Plaintiffs' claims on the basis of misjoinder. (Dkt. 20.) Hearing on Google's Motion to Sever and Dismiss is set for August 18, 2016.

---

[5] Plaintiff Benjamin Prawer filed a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a), dismissing all of his claims in their entirety, without prejudice on May 19, 2016.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6.

GOOGLE INC.'S MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS & AUTHORITIES
CASE NO. 5:16-CV-2553-LHK (HRL)

**III.    APPLICABLE STANDARDS.**

**Rule 12(b)(1).**  A litigant seeking to proceed in federal court must have suffered an injury-in-fact under Article III.  To establish such injury, a plaintiff must allege: (1) injury-in-fact that is concrete and particularized, as well as actual and imminent; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely (not merely speculative) that injury will be redressed by a favorable decision.  *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 180–81 (2000); *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561–62 (1992); *see also Spokeo*, 136 S. Ct. at 1549 (explaining the difference between the "concrete" and "particularized" inquiries).  Absent allegations sufficient to show Article III standing, a complaint should be dismissed under Rule 12(b)(1).  *Bruton v. Gerber Prods. Co.*, 961 F. Supp. 2d 1062, 1075 (N.D. Cal. 2013).

**Rule 12(b)(6).**  This Motion is also governed by Rule 12(b)(6) as interpreted in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Under these standards, the Court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations."  *Stanislaus Food Prods. Co. v. USS-POSCO Indus.*, 782 F. Supp. 2d 1059, 1064 (E.D. Cal. 2011); *see also Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010). "A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitation . . . ." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010).

**Pleading requirements under Rules 8, 10, and 12.**  A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct."  FED. R. CIV. P. 8(a), (d)(1).  "To comply with Rule 8 *each plaintiff* must plead a short and plain statement of the elements of *his or her* claim, identifying *the transaction or occurrence* giving rise to the claim and the elements of the prima facie case . . . ." *Bautista v. L.A. Cnty.*, 216 F.3d 837, 840 (9th Cir. 2000) (emphasis added).  Failure to comply with Rule 8 "is a basis for dismissal independent of Rule 12(b)(6)."  *McHenry v. Renne*, 84 F. 3d 1172, 1179 (9th Cir. 1996) (affirming dismissal under Rule 8, recognizing that "[p]rolix, confusing complaints . . . impose unfair burdens on litigants and judges").

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7.

GOOGLE INC.'S MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS & AUTHORITIES
CASE NO. 5:16-CV-2553-LHK (HRL)

Further, under Rule 10, the complaint must "state [the pleader's] claim or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and each claim "founded on a separate transaction or occurrence . . . must be stated in a separate count" if doing so would promote clarity. FED. R. CIV. P. 10(b); *Bautista*, 216 F.3d at 840. Dismissal of a complaint for failure to comply with Rules 8 and 10(b) is within the district court's inherent power and discretion. *Bautista*, 216 F.3d at 841.

Finally, an answering party may move for a more definite statement under Rule 12(e) when a complaint violates these rules of pleading and is "so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e); *Bautista*, 216 F.3d at 843 n.1; *see also Destfino v. Kennedy*, No. CV-F-08-1269 LJO DLB, 2009 U.S. Dist. LEXIS 18138, at *14 (E.D. Cal. Jan. 8, 2009) (noting that "[i]n attacking such pleading, defendant has an *obligation* to move for a more definitive statement") (emphasis added).

## IV. ARGUMENT.

### A. Plaintiffs Have No Standing To Bring ECPA Claims Because They Fail To Allege A Concrete And Particularized Injury-In-Fact.

Under Article III, Plaintiffs must plead an injury that is both "concrete" and "particularized." "[F]or an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Spokeo*, 136 S. Ct. at 1548. To be "concrete," an injury must be "'de facto'; that is, it must actually exist." *Id*. at 1549. In *Spokeo*, the Court clarified the "concrete" standard, holding that "Article III standing requires a concrete injury *even in the context of a statutory violation*." *Id*. at 1549 (italics added). Thus, the fact that a complaint alleges a violation of a statute with a private right of action—such as ECPA—does not, in itself, demonstrate standing: "Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id*.

Instead, a court must assess the individualized circumstances of a claim to determine if a plaintiff has suffered a concrete injury. For example, the Supreme Court emphasized in *Spokeo* that a credit report that violates the Fair Credit Reporting Act ("FCRA") requirements "may result in no

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE INC.'S MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS & AUTHORITIES
CASE NO. 5:16-CV-2553-LHK (HRL)

harm" because it could still be "entirely accurate." *Id*. at 1550. Even where a FCRA violation leads to the dissemination of false information, the Supreme Court cautioned that "not all inaccuracies cause harm or present any material risk of harm. An example that comes readily to mind is an incorrect zip code. It is difficult to imagine how the dissemination of an incorrect zip code, without more, could work any concrete harm." *Id*. This analysis makes clear that blanket assertions of harm will not suffice; instead, standing depends on whether a concrete injury exists given the specific circumstances and consequences of each alleged violation.

Plaintiffs here allege two forms of harm: "loss of the value of [their] information, and the value of [their] privacy."[6] (Compl. ¶ 58.) Neither of these purported harms is sufficiently "concrete" and "particularized" for Article III standing.

### 1. The alleged "loss of value" of Plaintiffs' information is neither particularized nor concrete.

Numerous courts, including this one, have found that "generalized assertions of economic harm based solely on the alleged value of personal information" do not support standing because such allegations are not sufficiently "particularized." *In re Facebook Internet Tracking Litig.*, 140 F. Supp. 3d 922, 930 (N.D. Cal. 2015) ("*Facebook*"). For example, in *Low v. LinkedIn*, No. 11-CV-01468-LHK, 2011 WL 5509848 (N.D. Cal. Nov. 11, 2011), the plaintiff alleged he was economically harmed by LinkedIn's transfer of his personal data to third party aggregators because that information had independent economic value. This Court found these allegations "too abstract and hypothetical to support Article III standing" because plaintiff failed to allege "how *he* was foreclosed from capitalizing on the value of *his* personal data or how he was 'deprived of the economic value of [his] personal information simply because [his] unspecified personal information

---

[6] The Court should disregard any attempt by Plaintiffs to argue that, as third-party beneficiaries, they suffered injury-in-fact from Google's breach of its contracts with the educational institutions at issue. (*See* Compl. ¶ 44.) Even setting aside the fact that Plaintiffs fail to allege the terms of any such contract, breach of contract alone, without some other accompanying injury, is insufficient for Article III standing. *In re Google Inc. Privacy Policy Litig.*, No. C-12-01382-PSG, 2013 WL 6248499, at *6 (N.D. Cal. Dec. 3, 2013) ("*Google Privacy Policy*"). Similarly, the Court should disregard Plaintiffs' allegation that it was harmed by Google "violating Plaintiffs' rights under various consumer protection statutes" (Compl. ¶ 44), as Plaintiffs fail to even identify these "consumer protection statutes."

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9.

GOOGLE INC.'S MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS & AUTHORITIES
CASE NO. 5:16-CV-2553-LHK (HRL)

was purportedly collected by a third party.'" *Id*. at \*4-5 (internal citations omitted, emphasis added); *In re Google Android Consumer Privacy Litig.*, No. 11-MD-02264 JSW, 2013 WL 1283236, at \*4 (N.D. Cal. Mar. 26, 2013) (finding plaintiffs failed to demonstrate injury based on the purported diminution in value of their personal information because they failed to allege that "they attempted to sell their personal information, that they would do so in the future, or that they were foreclosed from entering into a value for value transaction relating to their PII, as a result of the Google Defendants' conduct.").

Similarly, here, while Plaintiffs allege that their "emails were and are valuable intangible property," and that "[m]arkets exist for the sale or purchase of this information" (Compl. ¶ 41), Plaintiffs fail to plead how *they* were deprived of the purported economic value of their information or otherwise harmed in any individualized way. Like in *Low* and the other cited cases, these generalized allegations are insufficient to state the *particularized* injury needed for Article III standing. *See*, *e.g.*, *Low*, 2011 WL 5509848, at \*4-5.

Nor do Plaintiffs' allegations satisfy *Spokeo*'s requirement of a *concrete* harm that is "actual[]" and "de facto." In similar circumstances, this Court held in *In re iPhone Application Litigation*, No. 11-MD-02250-LHK, 2011 WL 4403963, at \*5 (N.D. Cal. Sept. 20. 2011) ("*In re iPhone*") that "general allegations about the [Defendants], the market for apps, and similar abstract concepts (*e.g.*, lost opportunity costs, value-for-value exchanges)" do not constitute an "actual" injury sufficient for standing.[7] *See also Facebook*, 140 F. Supp. 3d at 931 ("accept[ing] as true Plaintiffs' ascription of some degree of intrinsic value to their personal information" but finding plaintiffs lacked standing because they "failed to . . . adequately connect this value to a realistic economic harm or loss that is attributable to Facebook's alleged conduct.").

As in *In re iPhone*, Plaintiffs here allege only "abstract concepts" of purported injury that are

---

[7] In subsequent rulings in the case, this Court permitted certain claims to proceed after the plaintiffs pursued a theory of statutory standing, predicated on alleged violations of ECPA and the Stored Communications Act, 18 U.S.C. §§ 2701, *et seq.*, and also amended the complaint to add certain allegations of harm. *In re iPhone*, 844 F. Supp. 2d 1040, 1054-55 (N.D. Cal. 2012). Under *Spokeo*, this theory of statutory standing is no longer viable, as discussed above. Moreover, Plaintiffs' Complaint here contains no allegations similar to the amendments that this Court deemed sufficient to confer standing in *In re iPhone*.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10.

GOOGLE INC.'S MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS & AUTHORITIES
CASE NO. 5:16-CV-2553-LHK (HRL)

anything but concrete: that "[m]arkets exist," that "data brokers have been buying and selling this type of information," and that "[d]ata marketplaces have . . . arisen." (Compl. ¶ 41.) Beyond these vague references, Plaintiffs make no attempt to explain how these alleged circumstances could have caused a "realistic economic harm or loss that is attributable to [Google's] alleged conduct." *See Facebook*, 140 F. Supp. 3d at 931. The Complaint thus fails to allege any actual injury that could be deemed concrete.

> **2.** **The alleged loss of the "value" of Plaintiffs' "privacy" also fails to support any cognizable injury.**

Plaintiffs' generalized allegations that they were deprived of the "value of [their] privacy," (Compl. ¶ 58), also fails to meet the requirement of an injury-in-fact under Article III.

***First***, under the analysis set forth in *Spokeo*, this alleged harm bears no "relationship" to any "harm that has traditionally been regarded as providing a basis for a lawsuit." *Spokeo*, 136 S. Ct. at 1549. In *Spokeo*, the Supreme Court advised courts to look to "historical practice" to examine whether an alleged harm "has traditionally been regarded as providing a basis for a lawsuit in English or American courts," (*id.*) citing *Vermont Agency of Nat. Resources v. U.S. ex. rel. Stevens*, 529 U.S. 765 (2000) as an example of the appropriate analysis. In *Vermont Agency*, the Court conducted a historical review of qui tam actions from the 13th Century to the framing of the Constitution in order to determine whether a qui tam relator had Article III standing. Plaintiffs have not alleged or shown that the harm alleged here is a harm that has been recognized since the nation's founding.

Moreover, even were Plaintiffs to make this showing, this Court has already addressed a similar issue in *Yahoo Mail*. In *Yahoo Mail*, plaintiffs alleged that Yahoo's automated processing of email content without the consent of non-Yahoo users violated their privacy rights protected by California's Constitution.[8] In that case, the Court first noted that "[t]he California Constitution sets a 'high bar' for establishing an invasion of privacy claim" and "[e]ven disclosure of very personal information has not been deemed an 'egregious breach of social norms' sufficient to establish a

---

[8] An invasion of privacy claim under the California Constitution requires: "(1) a legally protected privacy interest; (2) a reasonable expectation of privacy in the circumstances; and (3) conduct by defendant constituting a serious invasion of privacy." *Yahoo Mail*, 7 F. Supp. 3d at 1037.

constitutional right to privacy." *Yahoo Mail*, 7 F. Supp. 3d at 1038.

The Court then rejected plaintiffs' claim that "the mere fact that Yahoo intercepted and distributed their emails, regardless of the specific content in the emails…" gave rise to or implicated a "legally protected privacy interest and reasonable expectation of privacy in email *generally*…." *Id.* at 1040 (italics in original). The Court explained:

> Plaintiffs do not cite, nor has this Court found, any case in the California or federal courts holding that individuals have a legally protected privacy interest or reasonable expectation of privacy in emails generally. Rather, the cases in which courts have found a protected privacy interest in the context of email communications have done so in circumstances where the plaintiff alleged *with specificity* the material in the content of the email.

*Id.* (italics in original). Thus, the Court held that to demonstrate a "legally protectable privacy interest," a plaintiff must demonstrate "that the email intercepted includes content that qualifies under California law as 'confidential' or 'sensitive.'" *Id.* at 1041. Because plaintiffs failed to allege such facts, the Court found that their claim failed as a matter of law. *Id.*; *see also Gmail MDL*, No. 13-MD-02430-LHK, 2013 WL 5423918, at *23 (N.D. Cal. Sept. 26, 2013) (holding plaintiffs failed to allege an objectively reasonable expectation that the emails at issue were "confidential" as required under section 632 of CIPA because "email services are by their very nature recorded on the computer of at least the recipient, who may then easily transmit the communication to anyone else who has access to the internet or print the communications.").

Like the plaintiffs in *Yahoo Mail*, Plaintiffs here claim that *any* processing of *any* email without prior consent results in an injury, regardless of the content, context, or consequences.[9] As in *Yahoo Mail*, Plaintiffs make no effort to identify the contents of any of the emails on which their claims are based. Like *Yahoo Mail*, the "mere fact" that Plaintiffs claim they did not consent to the automated processing of their emails does not demonstrate a "legally protected privacy interest." *See also Gubala v. Time Warner Cable, Inc.*, No. 15-cv-1078-pp, 2016 U.S. Dist. LEXIS 79820, at *13-14 (E.D. Wis. June 17, 2016) (dismissing CCPA claim for lack of standing where plaintiff

---

[9] Plaintiffs' theory of Article III injury would thus include the automated processing of commercial emails, emails sent to large distribution lists and intended for recirculation, and even spam emails sent by non-Gmail users.

alleged that his personal information had been retained but failed to allege any concrete harm as a result).

While the *Yahoo Mail* decision involved a motion to dismiss (not a direct challenge to Article III standing) the Court's ruling ties directly to the Article III requirement of a "*legally protected interest*" that is both "concrete and particularized." *Spokeo*, 136 S. Ct. at 1548 (italics added). Moreover, this Court's requirement that a plaintiff plead "*with specificity* the material in the content of the email" at issue, *Yahoo Mail*, 7 F. Supp. 3d at 1040 (italic in original), is confirmed by *Spokeo*. As discussed above, the Supreme Court emphasized that not all violations of FCRA can support Article III standing because the dissemination of certain information (even if false) may not cause harm depending on the nature of the information at issue. *Spokeo*, 136 S. Ct. at 1550. This same individualized analysis of injury must be applied here. Just as the dissemination of false information cannot be presumed to support an Article III injury in every case, the automated processing of emails also cannot be deemed to violate a "legally protected privacy interest" in every case—as this Court found in *Yahoo Mail*.

Under these circumstances, the generalized assertion that Plaintiffs were deprived of the "value" of their "privacy" should be rejected because it bears no "relationship" to any "harm that has traditionally been regarded as providing a basis for a lawsuit . . . ." *Spokeo*, 136 S. Ct. at 1549. To the contrary, this Court has found that traditional notions of privacy do *not* categorically bar all automated processing of emails.

***Second***, there is nothing to indicate that in "the judgment of Congress," an ECS provider's automated processing of emails amounts to a concrete injury in every instance. *Spokeo*, 136 S. Ct. at 1549. In *Spokeo*, the Court acknowledged that Congress enacted FCRA because of a perceived need to "curb the dissemination of false information," yet this does not mean that all violations (even those that actually result in the dissemination of false credit information) can be deemed a concrete injury for purposes of Article III. *Id.* at 1550. Similarly here, the fact that Congress enacted ECPA to address wiretapping of electronic communications does not mean that all alleged "interceptions" can be deemed a concrete injury conferring standing. To the contrary, Congress acknowledged that ECS providers must necessarily receive and process the communications they transmit in order to

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE INC.'S MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS & AUTHORITIES
CASE NO. 5:16-CV-2553-LHK (HRL)

provide their services. For example, Congress recognized that "provider[s] of electronic communications services may have to monitor a stream of transmissions in order to properly route, terminate, and otherwise manage the individual messages they contain," and that such monitoring "may be necessary to the provision of an electronic communication service" and "are not prohibited." (Exhibit BB to Decl. of Kyle Wong in Support of Motion to Dismiss at 20, *Gmail MDL*, Dkt. 45-2; *Gmail MDL*, 2013 WL 5423918, at \*7.) With respect to email in particular, Congress noted that "the providers of electronic mail create electronic copies of private correspondence for later reference," and that "[t]his information is processed for the benefit of the user." (Exhibit BB at 3, *Gmail MDL*, Dkt. 45-2 (emphasis added).) This legislative history rebuts any notion that Congress deemed all automated processing of all communications by ECS providers to constitute a concrete injury.

***Third***, in applying *Spokeo*, it is also instructive to look at prior cases that evaluated Article III standing *without* relying on a statutory violation to support an injury-in-fact. While these cases predate *Spokeo*, they are consistent with the standard the Supreme Court has now clarified, which requires courts to look beyond an alleged statutory violation to determine if there is a concrete injury sufficient to support standing. These cases consistently demonstrate that generalized assertions of privacy-related harms, even when couched in terms of economic injuries, do not support Article III standing. In addition to the *In re iPhone* and *Low* cases discussed above, numerous other cases have reached this conclusion in the context of privacy-related claims based on alleged improper access or use of online information. *See, e.g.*, *Facebook*, 140 F. Supp. 3d at 930 (plaintiffs alleging that social network tracked users' personal information and internet activity failed to plead "cognizable injury in fact"); *Burton v. Time Warner Cable Inc*., No. CV 12-06764 JGB (AJWx), 2013 U.S. Dist. LEXIS 94310, at \*28-30 (C.D. Cal. Mar. 20, 2013) (plaintiff alleging cable provider improperly retained personally identifiable information failed to plead injury sufficient for Article III standing); *Google Privacy Policy*, No. C-12-01382 PSG, 2012 U.S. Dist. LEXIS 183041, at \*14-15 (N.D. Cal. Dec. 28, 2012) (plaintiffs alleging Google improperly combined users' information collected from different products in alleged violation of its own privacy policy failed to plead "coherent and factually supported theory of . . . injury" sufficient for Article III standing); *Pirozzi v. Apple, Inc.*, 913 F.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE INC.'S MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS & AUTHORITIES
CASE NO. 5:16-CV-2553-LHK (HRL)

Supp. 2d 840, 847 (N.D. Cal. 2012) (plaintiffs alleging mobile device manufacturer disclosed users' personally identifiable information failed to plead concrete injury sufficient for Article III standing); *Murray v. Time Inc.,* No. C 12-00431 JSW, 2012 WL 3634387, at *4 (N.D. Cal. Aug. 24, 2012) (plaintiff alleging that magazine disclosed personal information in violation of California's "Shine the Light" Act failed to plead facts sufficient for Article III standing); *LaCourt v. Specific Media, Inc.*, No. SACV 10-1256-GW (JCGx), 2011 U.S. Dist. LEXIS 50543, at *12 (C.D. Cal. Apr. 28, 2011) (plaintiffs alleging that ad network used flash cookies to circumvent Internet users' privacy controls and track their Internet usage failed to plead facts sufficient for Article III standing); *In re JetBlue Airways Corp. Privacy Litig.*, 379 F. Supp. 2d 299, 327 (E.D.N.Y. 2005) (plaintiffs alleging airline improperly transferred customers' personal information to third-party data mining company failed to allege facts sufficient to show injury for breach of contract claim).

This consistent line of authority confirms that, when the crutch of statutory standing is removed, generalized assertions of privacy-related injuries alone cannot support the concrete and particularized injury needed under Article III. The Court should similarly find that the "general allegations" in the Complaint here, predicated on "abstract concepts" of privacy, are insufficient. *In re iPhone*, 2011 WL 4403963, at *5.

### B. Plaintiffs Have No Standing To Seek Injunctive And Declaratory Relief Because Plaintiffs' Claims Address A "Relevant Period" Ending On April 30, 2014.

Where plaintiffs assert a claim for "declaratory and injunctive relief," they "must demonstrate that they are realistically threatened by a *repetition* of the violation" at issue in order to satisfy the requirement of Article III standing. *Gest*, 443 F.3d at 1181 (citation and quotation omitted, emphasis in text). The alleged threat cannot be "conjectural" or "hypothetical," *Lyons*, 461 U.S. at 101-02, but must be a "credible threat of future injury," *The Presbyterian Church (U.S.A.) v. United States*, 870 F.2d 518, 528-29 (9th Cir. 1989). "[P]ast wrongs do not in themselves amount to that real and immediate threat of injury necessary to make out a case or controversy." *Lyons*, 461 U.S. at 103. At the pleading stage, "[t]he facts to show [Article III] standing must be clearly apparent on the face of the complaint." *Baker v. United States*, 722 F.2d 517, 518 (9th Cir. 1983).

Given these threshold requirements, Plaintiffs must allege facts to show they face a risk of

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE INC.'S MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS & AUTHORITIES
CASE NO. 5:16-CV-2553-LHK (HRL)

*ongoing* violations in order to pursue injunctive and declaratory relief under ECPA. They have not done so. Plaintiffs allege two violations of ECPA—(1) a violation of Section 2511(1)(a), prohibiting the interception of "any wire, oral, or electronic communication," and (2) a violation of Section 2511(1)(d), prohibiting the use of "contents of any wire, oral, or electronic communication," when such contents were acquired in violation of Section 2511(1)(a). (Compl. ¶¶ 56-57.)

With respect to the first alleged violation—the interception of Plaintiffs' emails—Plaintiffs effectively concede that they face no risk of ongoing ECPA violations because their claims are focused on a defined "Relevant Period" ending on April 30, 2014. (*Id*. ¶¶ 12-13.) While Plaintiffs do not expressly admit that Google has ceased the alleged offending conduct, the Complaint contains no allegations that Google continues to apply the automated processing that Plaintiffs claim to be an alleged interception under ECPA. Indeed, all 174 Plaintiffs are alleged to have "*had* a GAFE account" in the past, many of them are alleged to have stopped using their GAFE accounts years ago, and no Plaintiff alleges that they still have access to these accounts or that their data still exists on Google's systems. (*Id*. ¶ 18 (emphasis added); *see also, e.g., id*. ¶ 18(12).) [10]

With respect to the second alleged violation—the use of information obtained by an alleged illegal interception—Plaintiffs allege only that they "are *informed and believe* that Google has retained and uses or intends to use all data created or otherwise obtained from its interception of emails . . . ." (*Id*. ¶ 40 (emphasis added).) Plaintiffs' "information and belief" pleading is precisely the type of "conjectural" and "hypothetical" threat insufficient for standing to seek injunctive relief. *See, e.g.*, *Sternberg v. Town of Danville*, No. 15-CV-01878-SI, 2015 WL 9024340, at *9 (N.D. Cal. Dec. 16, 2015) (holding that plaintiffs failed to allege facts demonstrating they were "realistically threatened" by repetition of a violation where plaintiffs alleged only that they had "reason to believe" that their rights would continue to be threatened). Moreover, a "threatened injury must be

---

[10]  These Plaintiffs all state a specific last date of use before April 2014 and then include the boilerplate phrase "and thereafter," in an apparent effort to suggest that their use of GAFE may have continued after the indicated date. These vague and conclusory statements need not be credited under Rule 12. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Even if the use of this stock phrase introduces some ambiguity as to when Plaintiffs stopped using their GAFE accounts, that would only underscore the need for more specific allegations, as discussed in Section IV.D. herein.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

16.

GOOGLE INC.'S MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS & AUTHORITIES
CASE NO. 5:16-CV-2553-LHK (HRL)

certainly impending to constitute injury in fact . . . ." *Id.*; *see also Lyons*, 461 U.S. at 111 (requiring a "real and immediate" threat for standing to seek injunctive relief). Plaintiffs' mere allegation that Google may someday violate the ECPA by using information it obtained through an alleged illegal interception is not enough. *See Cuviello v. City & Cty. of S.F*, 940 F. Supp. 2d 1071, 1080 (N.D. Cal. 2013) ("'Some day' intentions without any description of concrete plans, or indeed even any specification of *when* the some day will be, do not suffice to provide standing for injunctive relief." (citations and quotations omitted)). Because Plaintiffs have pled no "real and immediate" threat that Google will violate ECPA in the future, they do not have Article III standing for the declaratory and injunctive relief they seek.[11]

### C. Seventy Plaintiffs' Claims Are Barred By The Statute Of Limitations.

Nearly half of the 174 Plaintiffs did not assert their claims within the two-year limitations period. A civil action under ECPA must be commenced no "later than two years after the date upon which the claimant first has a reasonable opportunity to discover the violation." 18 U.S.C. § 2520(e). Here, the fact that other GAFE users filed the *Fread* action on April 29, 2013 asserting the same claims as those in the present Complaint confirms that Plaintiffs had a "reasonable opportunity" to discover their claims by that same date, if not earlier. *In re Wells Fargo Mortg.-Backed Certificates Litig.*, No. 09-CV-01376-LHK, 2010 WL 4117477, at *7 (N.D. Cal. Oct. 19, 2010) (Koh, J.) (dismissing claims with prejudice on statute of limitations grounds because, if prior plaintiffs "were able to file complaints alleging the basis for their claims . . . this indicates that a reasonably diligent [plaintiff] should have been able to do the same."); *Kreek v. Wells Fargo & Co.*, 652 F. Supp. 2d 1053, 1060 (N.D. Cal. 2009) ("The fact that other similarly situated plaintiffs were able to file an identical action [affirms] that plaintiffs were on inquiry notice more than two years before the complaint was filed . . . .").

---

[11] It also bears emphasizing that the Ninth Circuit has recently recognized that a "mandatory injunction" such as this, which "orders a responsible party to take action," is "particularly disfavored" and must meet stringent requirements. *Garcia v. Google*, 786 F.3d 733, 740 (9th Cir. 2015) (citations and quotations omitted). Standing should thus be considered in light of these heightened standards.

Plaintiffs allege they could not have known of Google's automated scanning because of alleged false statements made by Google. But this effort to justify their belated claims is directly refuted by Plaintiffs' admission that they were members of the putative class in *Fread*. If the two *Fread* plaintiffs were able to bring their ECPA claims even in the face of Google's alleged "false statements," there was nothing preventing Plaintiffs from doing the same, particularly where the allegations of Google's alleged conduct are nearly identical. Plaintiffs therefore had a reasonable opportunity to discover Google's alleged ECPA violations at least by the date the *Fread* complaint was filed, and, accordingly, their claims accrued, at the latest, on April 29, 2013.[12]

While the Plaintiffs' individual claims were then tolled during the pendency of the *Gmail MDL*, *see Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 353-54 (1983), the two-year statute of limitations began to run once class certification was denied on March 18, 2014. *See Immigrant Assistance Project of L.A. Cty. Fed'n of Labor (AFL-CIO) v. I.N.S.*, 306 F.3d 842, 856-57 (9th Cir. 2002) (explaining that tolling under *Crown, Cork & Seal* applies only until class certification is denied and the statute of limitations in the case "began running anew when the District Court denied class certification".)

For 70 Plaintiffs, the last identified date when they used GAFE was before April 2014, meaning their claims were more than two years old by the time the Complaint was filed on April 29, 2016. (*See* Compl. ¶ 18.) As a matter of law, these Plaintiffs cannot state a timely claim against Google and their claims should be dismissed with prejudice.[13]

---

[12] The Court should disregard Plaintiffs' allegations that they did not have actual knowledge of Google's automated scanning of GAFE accounts. Actual knowledge is not required to trigger the statute of limitations where a law requires inquiry notice. *See In re Trilegiant Corp., Inc.*, 11 F. Supp. 3d 82, 111 (D. Conn. 2014) ("Plaintiffs only need to be on inquiry notice of [an ECPA] violation" and do not "need to be on notice of the actual violation" for statute of limitations period to commence).

[13] Plaintiff Ana Bolling, included in the 70 Plaintiffs discussed above, is alleged to have used a GAFE account beginning in November 2011 and ending in February 2011. (Compl. ¶ 18(15).) It is not possible for Plaintiff Bolling to have stopped using GAFE nine months before she began using it. Plaintiff Bolling's claims should therefore be dismissed for the alternative reason that, because of this pleading mistake, her claim is so "vague [and] ambiguous" that Google cannot prepare a response. FED. R. CIV. P. 12(e).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**D.    The Complaint Should Be Dismissed In Its Entirety For Failure To Plead Individualized Facts For Each Plaintiff's Separate Claim.**

Basic rules of pleading require that "*[e]ach plaintiff* plead the elements of his or her claims" in a "short and plain" and "simple, concise, and direct" statement demonstrating each Plaintiff's individual entitlement to relief under ECPA. *See Destfino*, 2009 U.S. Dist. LEXIS 18138, at *14 (emphasis added); *Bautista*, 216 F.3d at 840 (holding that where individual plaintiffs seek individual relief, "*[e]ach plaintiff's* right to relief therefore depends upon proof of the operative facts giving rise to an enforceable right in favor of *that plaintiff*") (emphasis added).  But this the Complaint does not do.  Instead, it mimics a class action complaint, lumping together 174 individuals' claims into a single cause of action that incorporates 58 paragraphs and 52 pages of generalized allegations by reference for all Plaintiffs, without setting out how those allegations have any relevance or application to each individual Plaintiff.

For illustration, consider the allegations concerning one Plaintiff, Justin Friedman.  The Complaint alleges a single sentence about Plaintiff Friedman with minimal information:  that he had a GAFE account through Boston University and the approximate dates he used that account. (Compl. ¶ 16(55).)  The Complaint fails to allege what school terms or disclosures from Boston University applied to Plaintiff Friedman while he was using GAFE.  (*See id.* ¶ 16(55).)  While the Complaint references alleged disclosures by Boston University regarding automated processing in GAFE, it fails to allege that Plaintiff Friedman ever saw or relied upon those disclosures.  (*See id.* ¶ 27(11).)  Rather than identify such facts with respect to Plaintiff Friedman—or any Plaintiff, for that matter—the Complaint merely concludes that "Google did as complained of herein without the consent of Plaintiffs, or any of them."  (*Id.* ¶ 49.)  Similarly, the Complaint makes the global statement that all 174 Plaintiffs were the "intended third party beneficiaries" of their schools' respective covenants with Google.  (*Id.* ¶ 28.)  Such a claim depends on the language of each school's contract with Google, which the Complaint fails to include at all, let alone with respect to any individual Plaintiff.  These pleading defects are fatal under Rules 8, 10, and 12.

Accordingly, the Complaint must be dismissed under Rule 8 and Rule 12(e) because Plaintiffs' generalized allegations fail to articulate each Plaintiff's individual entitlement to relief.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

19.

GOOGLE INC.'S MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS & AUTHORITIES
CASE NO. 5:16-CV-2553-LHK (HRL)

Incorporation of generalized allegations, without clarifying the relevancy of the allegations to each individual Plaintiff's cause of action, "violates Rule 8's requirement of a 'short and plain statement' and interferes with the court's ability to administer justice." *Destfino*, 2009 U.S. Dist. LEXIS 18138, at *14 (emphasis added). Where, as here, a complaint fails to identify the factual allegations relevant to each Plaintiff's cause of action, it is "impossible to determine the specific facts on which [each plaintiff's] individual claims depend." *Bennett v. Cnty. of Shasta*, No. 2:15-cv-1764-MCE-KJN, 2016 U.S. Dist. LEXIS 32722, at *2-3 (E.D. Cal. Mar. 14, 2016). In such circumstances, it is appropriate to dismiss the complaint for failure to comply with Rule 8. *See Whitsitt v. Indus. Emplr. Ass'n*, No. 13-00396 SBA, 2014 U.S. Dist. LEXIS 100063, at *26 (N.D. Cal. July 22, 2014) (dismissing complaint for failure to comply with Rule 8 because defendants would be unable to respond to the substance of the complaint's allegations with their own short and plain statement of defenses as required by Rule 8(b)(1)).[14]

Similarly, dismissal under Rule 12(e) is appropriate where overly prolix or complex complaints—such as the 174-Plaintiff, 52-page Complaint at issue here—would require the Court to undertake the "cumbersome task of sifting through myriad claims, many of which may be foreclosed by various defenses." 2-12 Moore's Federal Practice – Civil § 12.36 (citing *Anderson v. District Bd. of Trustees*, 77 F.3d 364, 367 (11th Cir. 1996); *Fikes v. City of Daphne*, 79 F.3d 1079, 1082-83 (11th Cir. 1996) (more definite statement can tighten complaint and eliminate some of plaintiff's claims)). Even if the Court does not order severance of the claims, as Google seeks in its Motion to Sever, allowing Plaintiffs to proceed based on a single Complaint that jumbles together 174 Plaintiffs' separate causes of action without identifying which factual allegations relate to each Plaintiff's claim will significantly hamper the administration of this case. As the Ninth Circuit has acknowledged, "'[e]xperience teaches that, unless cases are plead clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, and the litigants suffer, and society loses confidence in the court's ability to administer justice.'" *Bautista*, 216 F.3d at 841

---

[14] If the Court grants Google's Motion to Sever and dismisses all misjoined Plaintiffs, the current Complaint would still be inadequate with respect to the first named Plaintiff (Amaral) because it would still include irrelevant allegations and fail to allege which terms and disclosures Plaintiff Amaral was exposed to or bound by during his period of GAFE account use.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

GOOGLE INC.'S MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS & AUTHORITIES
CASE NO. 5:16-CV-2553-LHK (HRL)

(citing *Anderson*, 77 F.3d at 367); *see also Solis v. W. Valley Det. Ctr.*, No. EDCV 15-1005-PSG

(JEM), 2015 U.S. Dist. LEXIS 15771, at *6-8 (C.D. Cal. Aug. 31, 2015) (ordering plaintiff to set

forth each claim as a separate count that includes "the underlying factual allegations for each

claim"); *Erone Corp. v. Skouras Theatres Corp.*, 19 F.R.D. 299, 300 (S.D.N.Y. 1956) (dismissing

the complaint for failure to plead plaintiffs' claims separately because "there may be defenses

available to the defendants which are applicable to one or more plaintiffs but not to the others").

Google will likely have different defenses depending on each Plaintiff's individual factual

allegations, but Google cannot address each Plaintiff's cause of action without those individual

allegations being clearly identified. Consider another Plaintiff, Alexandra Gilroy. The only facts

pled about Plaintiff Gilroy are that she had a GAFE account through Northwestern University and

the approximate dates she used that account. Notably, Plaintiff Gilroy alleges that she stopped using

GAFE in 2012 and, therefore, as discussed above, her claims are barred by the statute of limitations.

Plaintiffs have alleged generally, and will likely argue in opposition, that "Plaintiffs and each of

them, therefore reasonably first learned of Google's Privacy Act violations well within the

applicable statutory limitations period" (Compl. ¶ 35), but there are no facts pled about when

*Plaintiff Gilroy* learned about Google's alleged violations or reasons why she, in particular, would

not have been on notice of Google's scanning as a result of the *Fread* complaint.

Further, Rule 10(b) requires "each claim founded on a separate transaction or occurrence" to

be stated in a separate count, which the Complaint fails to do. FED. R. CIV. P. 10(b); *Bautista*, 216

F.3d at 840-41 ("Courts have required separate counts where multiple claims are asserted, where

they arise out of separate transactions or occurrences, and where separate statements will facilitate a

clear presentation" in order to "enable the defendant to frame a responsive pleading or to enable the

court and the other parties to understand the claims."). The Complaint raises separate transactions or

occurrences with respect to each Plaintiff because each of the 174 Plaintiffs is associated with a

different school, was potentially exposed to different terms and disclosures, and used his or her

GAFE account at different times. The underlying factual allegations for each of these separate

transactions or occurrences must be clearly stated in separate counts under Rule 10(b).

Therefore, to avoid prejudice to Google and to limit confusion to the Court and all parties,

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

21.

GOOGLE INC.'S MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS & AUTHORITIES
CASE NO. 5:16-CV-2553-LHK (HRL)

should any of Plaintiffs' claims survive the instant motion, the Complaint should be dismissed under Rules 8, 10(b), and/or 12(e) and Plaintiffs should be required to clearly articulate each individual Plaintiff's claim.

**V.     CONCLUSION.**

For all of the reasons above, Plaintiffs' Complaint should be dismissed in its entirety.


Dated: July 20, 2016                    COOLEY LLP



                                        */s/ Whitty Somvichian*
                                        Whitty Somvichian (194463)
                                        Attorneys for Defendant Google Inc.

133310989

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO